UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD GIBSON, :
      Plaintiff, :
: PRISONER
v. : CASE NO. 3:11-cv-1178 (CFD)
:
WARDEN COLETTI, ET AL. :
      Defendants.

**INITIAL REVIEW ORDER**

      The plaintiff, Donald Gibson, is incarcerated at Brooklyn Correctional Institution in Brooklyn, Connecticut. He filed his complaint *pro se* under 42 U.S.C. § 1983 naming Warden Coletti, Correction Officer Scholcheck, the Commissioner of Correction, Correction Officer Prehul, Counselor Jaskiewicz and Counselor Supervisor Ms. Davis as defendants.

      Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

      Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges the following: on July 26, 2009, inmates approached him to discuss the criminal charges underlying his conviction, and the plaintiff refused.  The inmates then showed the plaintiff a sheet which contained information about his conviction.  The plaintiff argued with the inmates regarding their access to this information.  The plaintiff later informed prison officials that he had concerns for his safety due to the fact that other inmates were aware of the basis for his imprisonment, but no steps were taken to protect him.

The inmates subsequently assaulted plaintiff, calling him a rapist.  The plaintiff suffered severe injuries and prison officials transported him to a hospital for treatment.

The plaintiff filed an incident report, but prison officials failed to conduct a thorough investigation of the incident.  Prison officials have not provided the plaintiff with information regarding the disposition of their investigation.  The plaintiff seeks monetary damages and injunctive relief in this action.

The plaintiff seeks monetary damages from the defendants in their individual and official capacities.  The official capacity claims are barred by the Eleventh Amendment.

*See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The plaintiff does not mention any of the named defendants in the body of the complaint.  Thus, the plaintiff has not alleged that any defendant violated his federally or constitutionally protected rights.  The claims against the defendants are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All official capacity claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) and all other claims for monetary damages and injunctive relief against the defendants in their individual and official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The Clerk is directed to enter judgment for the defendants and close the case.  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

(2)     **The court will permit the plaintiff 30 days from the date of this order to file an amended complaint provided that he can allege the involvement of one**

**or more of the defendants in the alleged failure to protect him from assault by other inmates.  The plaintiff must also indicate when and how he exhausted his administrative remedies as to his claims.**  If the plaintiff seeks to file an amended complaint, he must also file a motion to reopen the case.  The Clerk shall send the plaintiff an amended complaint form with a copy of this order.

   (3) The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

**SO ORDERED.**

   Dated at Hartford, Connecticut this 14th day of October, 2011.


          /s/ Christopher F. Droney
          Christopher F. Droney
          United States District Judge